ESTATE OF HENRY GRUMET, Deceased, HARRY GRUMET, Executor, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grumet v. Commissioner
Docket No. 6202-85.
United States Tax Court
T.C. Memo 1987-583; 1987 Tax Ct. Memo LEXIS 586; 54 T.C.M. (CCH) 1155; T.C.M. (RIA) 87583; November 24, 1987; As amended November 25, 1987 Jack Elon Hildreth, Jr., for the petitioner. Jeffrey Wong, for the respondent. BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456(d) of the Code (redesignated as sec. 7443A(b) by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rules 180, 181, and 182. [1]
*587 Respondent determined a deficiency in Henry Grumet's 1981 Federal income tax in the amount of $ 6,909 together with an addition to tax under section 6653(a)(1) in the amount of $ 345.45 and under section 6653(a)(2) in the amount of 50 percent of the interest due on $ 6,909. The deficiency notice was based upon respondent's determination that Henry Grumet failed to report interest in the amount of $ 17,625 on his 1981 return. Some of the facts have been stipulated and are incorporated herein by reference. Henry Grumet died on November 8, 1982. Petitioner, Harry Grumet, is the Executor for the Estate of Henry Grumet, deceased. His residence was at Tustin, California, when he timely filed his petition for redetermination herein. Respondent has conceded that $ 8,814 of the total interest income he determined in fact should have been attributed to Henry Grumet's (hereinafter "decedent") sister, Betty Rasch. The only remaining question, therefore, is whether decedent failed to report his share of this interest income in 1981. Home Savings of America at Long Beach, California, issued an earnings statement to decedent and his sister indicating 1981 earnings of $ 17,629.08 in *588 connection with Account 002-118876-8. The instruction card for this account indicates that the interest was to be divided equally between decedent and his sister Betty Rasch. In fact, this was done. Decedent's accountant, Mr. Feldman, who prepared decedent's 1981 Federal income tax return, in preparing the return inquired of decedent as to whether he had income from Home Savings and Loan in 1981, and decedent advised him that he did not have such income. A Form 1099 from Home Savings and Loan for the amount in question was not provided the accountant. In fact, decedent had received and endorsed 15 separate checks from Home Savings totaling $ 8,814.23 [2] representing interest income from the account. Petitioner *589 bears the burden of showing that respondent's determination is incorrect. ; Rule 142(a). Not only has petitioner completely failed in this burden, but his own witness, decedent's accountant, made it clear that he had specifically queried decedent in regard to income from Home Savings and Loan and that decedent had given Mr. Feldman an incorrect response. Further, respondent's evidence is overwhelming that petitioner received the amounts in question as interest income. We would suggest that the language as well as the spirit of our Rule 91 requiring the parties to stipulate as to uncontroverted facts appears to have been ignored by petitioner. We hold decedent received $ 8,814 in unreported interest income in 1981. We understand petitioner's line of questioning to suggest that decedent was in poor health during the year in question after heart surgery. We consider decedent's condition in regard to respondent's determination of additions to tax under the provisions of section 6653(a). Section 6653(a)(1) provides for an addition to tax if an underpayment is due to negligence or international disregard of rules and regulations. *590 Section 6653(a)(2) provides for an additional equal to 50 percent of the interest on the portion of the underpayment due to negligence. Respondent's determination is presumed correct and the burden is upon petitioner to prove these additions are erroneous. ; . We have carefully considered the fact that decedent, with his sister, not only invested the principal sum which earned this interest in a certificate of deposit, but also instructed the savings institution to roll it over upon maturity. It may be that decedent did not receive the original Form 1099 from Home Savings and Loan, but it is clear that he received and deposited some 15 checks, more than one a month, representing interest payments on the account. In this posture, we are compelled to hold that he was negligent in failing to report the interest amounts which he received. Respondent's determination in this regard is upheld. Respondent requested an award of damages under the provisions of section 6673. It was not frivolous for the petition to have been filed herein, as can be seen by *591 respondent's immediate concession of half of the determined deficiency. While we have some doubt ourselves as to why petitioner maintained the balance of the case, we have determined, in our discretion, to deny respondent's motion for damages. To give effect to respondent's concession, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise provided. ↩
2. Checks payable to Henry Grumet from Home Savings were drawn on the dates indicated and in the amounts indicated. They were endorsed and cashed be decedent. ↩
Date
Amount
Date
Amount
1/29/81
$ 640.45
6/26/81
$ 677.08
2/6/81
82.64
7/29/81
807.28
3/2/81
523.09
8/25/81
807.29
3/27/81
705.03
9/2/81 26.05
4/28/81
682.29
9/28/81
735.07
5/27/81
705.03
10/28/81
785.77
6/5/81
90.98
11/24/81
760.42
12/28/81
785.76